UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDRE DAVID STEWART,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

Case No. C16-5963RAJ

**ORDER**

Plaintiff Andre David Stewart seeks review of the Commissioner's denial of his application for Supplemental Security Income. He contends the administrative law judge ("ALJ") erred by discounting portions of the State agency psychological consultants' opinions. Dkt. 7. As discussed below, the Court **AFFIRMS** the Commissioner's final decision.

**BACKGROUND**

Mr. Stewart is currently 25 years old, has a ninth-grade education, and previously performed seasonal work in a warehouse. Tr. 36, 42-45. In May 2013, he protectively applied for benefits, alleging disability as of September 1, 1998. Tr. 54, 150-55. His application was denied initially and on reconsideration. Tr. 81-84, 89-90. The ALJ conducted a hearing on February 24, 2015 (Tr. 30-53), and subsequently found Mr. Stewart not disabled. Tr. 13-25. As the Appeals Council denied Mr. Stewart's request for review, the ALJ's decision is the

ORDER - 1

Commissioner's final decision. Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, [1] the ALJ found:

**Step one:** Mr. Stewart did not engage in substantial gainful activity after he applied for benefits.

**Step two:** Mr. Stewart's learning disorder, dysthymic disorder, and mood disorder are severe impairments.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC"):** Mr. Stewart can perform a full range of work at all exertional levels, but is limited to performing simple, routine tasks with no more than three steps. He cannot work with the public, but can have superficial contact with co-workers.

**Step four:** Mr. Stewart is unable to perform past relevant work.

**Step five:** Because Mr. Stewart can perform jobs that exist in significant numbers in the national economy, he is not disabled.

Tr. 13-25.

## DISCUSSION

Mr. Stewart argues that the ALJ erred in discounting the opinions of State agency psychological consultants Carla van Dam, Ph.D., and Michael Brown, Ph.D. Dr. van Dam opined that Mr. Stewart "may have some difficulty sustaining normal workweek w/out [psychological symptoms] interfering" and that he "may have some difficulty adapting to changes due to his mood and social phobia." Tr. 61-62. Dr. Brown found that Mr. Stewart could complete simple, repetitive tasks on a full-time basis, with occasional waning in attention and concentration, and that he would "do best" in a predictable work environment. Tr. 73-74.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

1    The ALJ summarized the opinions of Drs. van Dam and Brown, and explained that she

2    gave less weight to

3    > their opinions about waning concentration, sustaining a normal workweek, and
     > adapting to changes[.]  The claimant is limited to simple routine work so any
4    > difficulty with change is addressed.  Although the claimant has some
     > concentration or persistence issues, he is able to watch television and movies all
5    > day, he can drive, he helps take care of his daughter, and he could persist through
     > mental status testing.  This suggests he is not as limited as opined by Dr. van Dam
6    > and Dr. Brown in this regard.

7    Tr. 23.

8    Mr. Stewart argues that restricting him to simple, routine tasks does not accommodate Dr.

9    van Dam's opinion regarding his difficulty adapting to change, because she opined that he had

10   this difficulty "in the context of limiting him to short and simple instructions in the workplace.

11   Thus Dr. van Dam did not believe that such an accommodation would alleviate Stewart's

12   adaptive limitations." Dkt. 7 at 4.

13   This argument is not persuasive.  Dr. van Dam did not indicate that a restriction to

14   simple, repetitive tasks was insufficient to account for Mr. Stewart's adaptive limitations.  The

15   form opinion she completed addressed Mr. Stewart's functioning in multiple areas separately,

16   and therefore Dr. van Dam addressed Mr. Stewart's adaptive limitations on their own, without

17   reference to the concentration/persistence limitations that led him to be restricted to simple tasks.

18   *See* Tr. 61-62.  The ALJ reasonably interpreted her RFC assessment to be consistent with Dr. van

19   Dam's opinion regarding Mr. Stewart's adaptive limitations.  *See Turner v. Comm'r of Social*

20   *Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (holding that an ALJ may incorporate the

21   opinions of a physician by assessing RFC limitations entirely consistent with, but not identical to

22   limitations assessed by the physician).

23   Mr. Stewart also argues that the ALJ erred in discounting the concentration/persistence

limitations indicated by Drs. Van Dam and Brown in light of his daily activities (such as watching movies all day, driving, caring for his young daughter, and attending appointments), because the psychologists were aware of his daily activities and nonetheless found him to be limited as to concentration/persistence. Dkt. 7 at 4-5. Mr. Stewart suggests that because the psychologists actually cited his activities as a reason to disbelieve his allegations of disability, his activities do not undermine the psychologists' opinions. Dkt. 7 at 5.

This argument is unavailing, because the State agency psychologists did not have the opportunity to review the entire record regarding Mr. Stewart's activities: their review of the record was completed more than a year before the administrative hearing, and they did not therefore have the benefit of reviewing Mr. Stewart's testimony at the hearing regarding his activities. *See* Tr. 21 (ALJ's decision referencing Mr. Stewart's testimony regarding *inter alia* his activities), 30-53 (hearing transcript). The ALJ reasonably interpreted the evidence regarding Mr. Stewart's activities to find them inconsistent with the State agency opinions, and properly discounted the opinions on that basis. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) ("Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld. In reaching his findings, the law judge is entitled to draw inferences logically flowing from the evidence."); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

//

//

//

//

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED.**

DATED this 13th day of November, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 5